IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number:  1:18-cv-23068

SREAM, INC. a California Corporation, and
ROOR INTERNATIONAL BV, a Foreign
Corporation

                Plaintiffs,

v.

SACHWANI INC 2786 d/b/a NEW OCEAN
FOOD MARKET 24 HOURS, a Florida
Corporation

                Defendant.
_____/

## MOTION TO SET ASIDE DISMISSAL AND REINSTATE CASE

      The Plaintiffs, SREAM, INC. and ROOR INTERNATIONAL BV, by and through their undersigned counsel, and pursuant to Rule 60 of the Federal Rules of Civil Procedure, respectfully move this Honorable Court for entry of an Order setting aside the dismissal and reinstating this case and in support states as follows:

      1.    This Court entered an Order directing the Plaintiffs to show cause why the Defendant has not been served by August 24, 2018. [DE 6].

      2.    On August 27, 2018, the Court entered an Order of Dismissal due to the Plaintiffs failure to comply with the Court's Orders. [DE 7].

      3.    The failure to respond to the Court's Order to Show Cause was due to excusable neglect.

      4.    Upon receipt of all court filings, the undersigned counsel reviews the documents

and meets with his legal assistant to create the appropriate calendaring reminders for the response. Once that meeting is completed, the undersigned's assistant again verifies that the information was saved, and the proper calendar reminders are associated with the file.

5. Although that procedure was followed in this case, the undersigned's system failed to properly save the due date, and the undersigned thus was not reminded that the Plaintiffs needed to show cause by August 24, 2018.

6. Additionally, the undersigned's office has been suffering technical email issues for the past few weeks that likely contributed to the Plaintiffs' noncompliance with the Court's Order. The email issues have been resolved as of Monday, September 10, 2018.

7. The Plaintiff's failure to respond was not willful, but solely due to a calendaring error.

8. The Supreme Court holds that "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 394 (1993).

9. The failure to timely respond to the Court's Order to Show Cause was due to an internal error, and it would be unfairly prejudicial to the Plaintiffs to have their case dismissed because of excusable neglect. Upon receipt of the Court's Order of Dismissal, Plaintiffs' immediately reached out to their process server to ensure service was perfected.

10. Concurrently with this Motion, the undersigned is hereby filing the Affidavit of Service upon the Defendant.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 60(b)(1) provides that good cause to set aside a judgment can consist of mistake, inadvertence, surprise, or excusable neglect. The Supreme Court has determined that what constitutes "excusable neglect" under Fed.R.Civ.P. 60(b) is: [A]t bottom an equitable [consideration], taking account of all the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). The court in *Pioneer* held that "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id*. at 394.

The Eleventh Circuit has previously found office mix ups and/or calendaring errors to constitute excusable neglect. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (Defendants' motion was filed only two days after the reply was otherwise due, sought an extension of only twelve days, and was attributable to an avoidable but not unreasonable office mix up. Any prejudice Plaintiff may suffer by reason of this minor delay is outweighed by the general policy favoring resolution of cases on their merits); *It's a Ten, Inc. v. O'Rourke Holdings, LLC*, 2013 U.S. Dist. LEXIS 111958, *3-4; *See also Walter v. Blue Cross & Blue Shield United*, 181 F.3d 1198, 1202 (11th Cir. 1998) (characterizing a secretary's failure to record a filing deadline as excusable neglect); *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (finding excusable neglect where miscommunication between associate and lead attorney resulted in delayed filing).

As stated above, the Plaintiffs' failure to respond was due to a failure in the office's calendaring system within the case file. Therefore, the issue should not repeat itself, and the lack of compliance with the Court's deadline was not intentional. The case law in this district indicates that this type of conduct falls within the parameter of excusable neglect.

## CONCLUSION

WHEREFORE, the Plaintiffs, SREAM, INC. and ROOR INTERNATIONAL BV, respectfully move this Honorable Court for an Entry of an Order setting aside the dismissal and reinstating this case, and any further relief this Court deems just and proper.

Date: September 12, 2018                               Respectfully Submitted

/s/ Jamie Alan Sasson___
Jamie Alan Sasson
Fla Bar #10802
The Ticktin Law Group, PLLC.
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv513@LegalBrains.com
Serv555@LegalBrains.com
Telephone: 954-570-6757
Facsimile: 954-418-7120
*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 12[h] day of September, 2018, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

/s/ Jamie Alan Sasson_____
Jamie Alan Sasson

## SERVICE LIST

SACHWANI INC. 2786 d/b/a NEW OCEAN FOOD MARKET 24 HOURS
R/A Yasmin Sachwani
2050 71st Street
Miami Beach, Florida 33141
*Defendants*

Jamie Alan Sasson
The Ticktin Law Group, PLLC
Serv555@LegalBrains.com
Serv513@LegalBrains.com
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Phone: 954-570-6757
Fax: 954-570-6760
*Counsel for the Plaintiff*